FILED
U.S. DISTRICT COURT
2011 APR -5 AM 11: 54
CLERK C. Robinson
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TIMOTHY JEROME MASSEY,

  Plaintiff,

v.           CIVIL ACTION NO.: CV211-027

Officer TRAVIS SMITH; and THE GLYNN
COUNTY DETENTION CENTER,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states Defendant Smith purposely slammed a door on Plaintiff and knocked him back. Plaintiff states he experiences pain and throbbing in his face and mouth. He also complains of experiencing headaches after this incident.

Plaintiff names the Glynn County Detention Center as a Defendant. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), a county detention center, as a mere arm of such governments, is not generally considered a legal entity subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Glynn County Detention Center, as the Glynn County Detention Center is merely a

vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the Glynn County Detention Center be **DISMISSED**. Plaintiff's cognizable claims are addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this 5th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE